UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD CREED,<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>NATIONAL TRANSPORTATION<br>SAFETY BOARD,<br>　　　　　　Defendant. | Civil Action 10-01630 (HHK) |

MEMORANDUM AND ORDER

Plaintiff, Donald Creed, seeks a temporary restraining order [#2] to enjoin the National Transportation Safety Board ("NTSB") from making public Creed's personal and medical information. In his motion, Creed seeks relief which includes: (1) the removal of certain documents that contain Creed's personal and medical information from the NTSB's public website; and (2) the prevention of the disclosure of Creed's personal and medical information at the NTSB's public hearing on September 28, 2010. Upon consideration of Creed's motion for a temporary restraining order and the opposition thereto, the Court concludes that the motion should be granted in part and denied in part.[1]

---

[1] On a motion for a temporary restraining order, the Court must balance four factors: 1) the movant's showing of a substantial likelihood of success on the merits of his claims, 2) a showing of irreparable harm to the movant, 3) a showing that an injunction would not result in substantial harm to the nonmovant, and 4) public interest. *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009); *Hall v. Daschle*, 599 F. Supp. 2d 1, 3 n.2 (D.D.C. 2009) ("The same standard applies to both temporary restraining orders and to preliminary injunctions."). "The four factors have typically been evaluated on a 'sliding scale.'" *Davis*, 571 F.3d at 1291. Under this sliding scale, "[i]f the movant makes an unusually strong showing on one of the factors, then it does not necessarily have to make as strong a showing on another factor." *Id*. at 1291–92.

## BACKGROUND

Creed is a commercial truck driver who was involved in a horrific multi-vehicle accident in Oklahoma that resulted in the deaths of ten individuals. Creed is a named defendant in ongoing civil litigation in Oklahoma state court arising from the accident; a trial is expected next month. In the course of that litigation, the Oklahoma Supreme Court ruled that Creed's protected medical records are not discoverable. *See* Pl.'s Compl., Ex. A (Order, *Creed v. Lucas*, No. 108,305 (Okla. June 14, 2010).

Because of the magnitude and grave nature of the accident, the NTSB launched an investigation into the incident. As a part of its investigation, the NTSB obtained Creed's medical information. The NTSB's medical officer, Dr. Mitchell A. Garber, reviewed Creed's medical records and summarized the relevant details in a document that was placed on the NTSB's public website on or about September 15, 2010. Creed's medical information was also included in a factual report prepared by the NTSB that was similarly made available on the agency's public website. The NTSB has scheduled a public hearing on September 28, 2010 to discuss the circumstances of the accident and to consider possible transportation safety recommendations that could help prevent a similar event in the future. Dr. Garber is likely to testify at this hearing.

## ANALYSIS

Creed argues that the NTSB's publication of his personal and medical information will cause him substantial and irreparable harm in the ongoing litigation in Oklahoma because it will arm plaintiffs with information that the Oklahoma Supreme Court has deemed undiscoverable and, therefore, the Court should issue an order restraining the publication of such information. The Court agrees in part.

Insofar as the NTSB has made available Creed's personal and medical information on its public website, Creed has demonstrated that he will suffer irreparable harm if the relevant documents are not removed. Additionally, he has successfully established a likelihood of prevailing on his complaint which is bottomed on federal law that prohibits an agency from disclosing an individual's personal and medical information to the public. Accordingly, the Court will grant Creed's motion for a temporary restraining order to the extent it seeks to have his personal and medical information removed from the NTSB's website. Consequently, the NTSB must remove from its website the document entitled "HWY09MH015, Medical Records Information" (NTSB File ID 434477) as well as remove or redact Section G ("Medical Factors") from the document entitled "Human Performance Group Chairman's Factual Report, HWY-09-MH-015" (NTSB File ID 448894).

Creed also seeks an order preventing Dr. Garber from disclosing Creed's personal and medical information at the NTSB's September 28, 2010 hearing. In essence, such an order would allow Dr. Garber to testify as to any opinions he may have formed regarding the accident based on Creed's medical records, but would forbid him from explaining the basis for his opinions if the explanation required him to disclose Creed's medical information. The public interest weighs heavily against this form of relief. It is contrary to the public interest to prevent the NTSB members from questioning an important expert about the basis for an opinion which may have significant bearing on the safety recommendations that the NTSB chooses to consider. Furthermore, the public interest weighs particularly heavily under these circumstances, where the NTSB's very mission is to investigate accidents of the kind in which Mr. Creed was involved and provide safety recommendations for the future. Accordingly, the Court will deny Creed's request

for an order in any way restraining Dr. Garber's testimony at the NTSB's public hearing.

Based on the reasons stated above and those given today in open court, it is this 27th day of September 2010 hereby

**ORDERED** that the NTSB shall immediately remove from its public website the document entitled "HWY09MH015, Medical Records Information" (NTSB File ID 434477) and redact, delete, or otherwise make unavailable Section G of the document entitled "Human Performance Group Chairman's Factual Report, HWY-09-MH-015" (NTSB File ID 448894); and it is further

**ORDERED** that the application for a temporary restraining order is denied in all other respects.

                                              Henry H. Kennedy, Jr.
                                              United States District Judge